### THE PEOPLE *v.* MICHAEL COOK.

An accomplice is a competent witness for the prosecution on a criminal trial, and the jury may convict on the uncorroborated evidence of an accomplice, if they regard it sufficient to prove, beyond a reasonable doubt, the guilt of the accused.

On the trial of an indictment for receiving stolen goods, knowing them to have been stolen, the thief from whom the prisoner received the goods is not to be regarded as an accomplice, but as guilty of a previous and different offense.

THE prisoner was indicted for having feloniously received fifty yards of muslin, stolen by Robert Thompson from Thomas C. M. Paton, knowing the property to have been stolen.

A plea of not guilty was put in, and the issue was tried before McCUNN, city judge, at a Court of General Sessions held in the city of New York on the 27th November, 1861.

On the trial, the district attorney called *Robert Thompson* as a witness. It was admitted he was the same person who stole the goods from Paton.

The counsel for the prisoner objected to the witness being allowed to testify, on the grounds,

1. That no application had been made to the court to allow the witness to be examined, and that such application, showing the grounds upon which it was based, was a legal prerequisite to the examination of an accomplice, and that, before the court could exercise its discretion in admitting or rejecting the accomplice, this formal application must be made.

2. That in this case the accomplice was the principal offender, even on the theory that the accused was guilty of the offense imputed to him, and that it was the duty of the court, in the exercise of a sound discretion, and under the principles of law governing such discretion, to refuse to allow the thief to testify.

The court overruled the objections to the admissibility of the witness, and the defendant's counsel excepted.

The witness was then sworn, and gave material evidence in the case.

After the evidence was closed, the recorder charged the jury, among other things, that, although the jury might convict a person upon the uncorroborated testimony of an accomplice, it was not a safe practice, and he should recommend the jury not to convict upon the uncorroborated testimony of Thompson.

The jury rendered a verdict of guilty; and the proceedings were removed by *certiorari* to this court for review.

*Nelson J. Waterbury* (District Attorney), for the People, cited *Archbold's Criminal Pleading*, 323; *King* v. *Haslem*, 1 Leach, 418.

*Richard Busteed*, for the prisoner.

*By the Court*, INGRAHAM, P. J. The rule is too well settled, both in England and this country, to admit of any doubt of the right of the public prosecutor to use an accomplice as a witness. Chitty says, it was formerly held that though an accomplice may be admitted as a witness, his testimony could only be left to the jury when corroborated; but it is now settled that such evidence may be left to the jury, and if they regard it sufficient, the prisoner may be convicted. (1 *Chit. Cr. L.*, 604; 2 *Campb.*, 132; 7 *Term R.*, 609.)

So in this country it has been held, that new trials will be refused even when the verdict was obtained on such testimony uncorroborated. (1 *Denio*, 83; *Whart. Cr. L.*, 784.)

But in this case the witness was not an accomplice. He was guilty of another offense, committed previous to that of which the prisoner was convicted. Such an objection is never sufficient to prevent his examination, though it may affect his credibility. This was conceded by DUER, J., in *The People* v. *Whipple* (9 *Cow.*, 707), relied on by the prisoner's counsel. Nor in such a case is any application necessary to the court, even if it be conceded that it would be proper in the case of an accomplice.

The conviction must be affirmed.