See further People *v.* Drown, 60 Hun, 581; People *v.* Spriggs, 58 Id. 603; People *v.* Sweeny, 59 Id. 619; People *v.* Pavlik, 50 Id. 604; People *v.* Pollock, 51 Id. 613.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY A. CASSIDY, Appellant.

*Court of Appeals, May 3, 1892.*

1. *Evidence. Arson.*—Where, upon the trial of an indictment for arson, it appeared that the building set on fire was in a block with four others, all of which were connected, and occupied by different families, the district attorney may prove the location and occupancy of the other buildings, for the purpose of describing the theatre of the crime and the conditions and circumstances surrounding it.

2. *Same.*—The prosecution may also put in evidence a map of the building set on fire and of the adjacent and surrounding premises, in order to bring the precise location before the jury.

3. *Same. Confessions.*—Voluntary confessions of defendant made, in response to questions, to a police officer, are admissible in evidence. Where defendant claims that they were made under the influence of fear produced by threats, the question whether they were so made is for the jury.

4. *Same. Admissions.*—A letter, written by defendant, while under arrest, to his mother, which contained statements tending to show his guilt, is admissible.

Appeal from judgment of the supreme court, general term, second department, affirming judgment of the court of

17

sessions of Westchester county, convicting defendant of arson in the first degree.

*Frederick W. Sherman*, for appellant.

*William P. Platt*, for respondent.

EARL, Ch. J.—The defendant was indicted for arson in setting fire to an inhabited building belonging to the New York Catholic Protectory. There was no dispute at the trial that the fire was of incendiary origin. The proof to show that the defendant was the author of the fire consisted mainly of his confessions. He denied his guilt, and gave evidence, mostly by his relatives, for the purpose of showing insanity and an *alibi*. The trial judge submitted all the evidence to the jury in a full and fair charge, to which no exception whatever was taken. The evidence was abundant to authorize a verdict of guilty, and we have only to consider the exceptions taken during the trial to rulings upon questions of evidence. We have carefully examined these exceptions, and it is entirely clear that none of them were well taken.

The building set on fire was in a block with four other buildings, all connected together, but occupied by different families. The district attorney was permitted to show the location and occupancy of these other buildings, and in this it is claimed error was committed. There was no possible harm in this evidence to the defendant, and it was competent for the purpose of describing the theatre of the crime, and the conditions and circumstances which surrounded it.

The defendant's counsel objected to a map of the building set on fire and of the adjacent and surrounding premises, which was given in evidence on the part of the prosecution. The map was competent to bring before the jury the precise location of the building set on fire and its surroundings.

The confessions of the defendant were made while he was under arrest, in the presence of several persons, to Inspector Byrnes, of the New York police force. The inspector and other persons present testified that the confessions were voluntarily made. The defendant testified that they were made " under the influence of fear produced by threats," and hence it was claimed on his behalf that they were not competent under § 395 of the Code of Criminal Procedure.

The jurors were instructed to disregard the confessions if thus obtained, and they must have found that they were not thus induced ; that they were voluntarily made and reliable, and hence they were properly in the case and were sufficient as the basis of the verdict.

The defendant while under arrest wrote a letter to his mother, which contained statements tending to show his guilt. We can see no possible ground for the exclusion of the letter as evidence against him.

There are other exceptions to the rulings of the trial judge, but they are manifestly groundless, and even less important than those we have specially noticed.

The judgment should be affirmed.

All concur.

---

### NOTE.

As to the admissibility and effect of Confessions, see People *v.* Fox, 121 N. Y., 449; 50 Hun, 604; People *v.* Kief, 58 Id., 337; People *v.* Chapleau, 121 N. Y. 266; People *v.* Cassidy, 60 Hun, 579; People *v.* Sharp, 107 N. Y. 427; People *v.* Deacon, 109 Id., 374; People *v.* O'Neil, 48 Hun, 36; 109 N. Y. 251; People *v.* Jaehne, 103 Id., 182; People *v.* Mondou, Id. 211; People McMahon, 15 Id., 384; Teachout *v.* People, 41 Id., 9; Hendrickson *v.* People, 10 Id., 13; People *v.* McGloin, 91 Id., 241; People *v.* McCallam, 103 Id., 587; People *v.* Druse, Id., 655; People *v.* Stott, 5 N. Y. Cr. 61 · People *v.* Kurtz, 42 Hun, 335; People *v.* Penhollow, Id., 103.