### PEOPLE v. WILLARD.

(Supreme Court, Appellate Division, Third Department.   November 12, 1913.)

· **1. CRIMINAL LAW (§§ 510, 511\*)—TESTIMONY OF ACCOMPLICES—NECESSITY OF CORROBORATION.**

A jury may not convict a defendant upon the testimony of an accomplice alone, and his testimony must be corroborated in each essential detail.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1124–1126, 1128–1137; Dec. Dig. §§ 510, 511.\*]

**2, CRIMINAL LAW (§ 511\*)—CORROBORATION OF ACCOMPLICE—SUFFICIENCY.**

On a trial for receiving stolen goods, evidence *held* insufficient to corroborate an accomplice's testimony connecting accused with the goods.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1128–1137; Dec. Dig. § 511.\*]

**3. WITNESSES (§ 383\*)—IMPEACHMENT—INCONSISTENT STATEMENTS.**

On a criminal trial where a witness denied on cross-examination that he had stated he did not want to confess because it would involve some one whom no one suspected, another witness was properly permitted to testify that he made such statement for the purpose of discrediting the first witness, though this evidence had no legitimate bearing on accused's guilt.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1224; Dec. Dig. § 383.\*]

Appeal from Fulton County Court.

James R. Willard was convicted of receiving stolen property, and he appeals.   Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Eugene D. Scribner, of Gloversville, for appellant.

W. S. Cassedy, Dist. Atty., of Gloversville, for respondent.

SMITH, P. J. [1] The defendant has been convicted of having received stolen property with knowledge of the fact that same was stolen.   Upon this appeal he contends that his conviction was not justified by the evidence.   The details of the crime and of the defendant's participation therein were told by one Gallup, an accomplice.   This was denied positively by the defendant, whose story was in part substantiated by a clerk in the defendant's store.   So far as appears, the defendant had borne a good reputation, while the reputation of the accomplice was bad.   Under our Criminal Law the jury is not allowed to convict a defendant upon the testimony of an accomplice alone. The story must be corroborated, and corroborated in each essential detail.

As to the fact that the goods in question were stolen, the accomplice is fully corroborated.   As to the connection of the defendant therewith, I am unable to find any corroboration which satisfies the requirement of the law.

[2, 3] The story of the accomplice is that he and one Walton went to the defendant to borrow some money; that the defendant told them that he would loan them no money, but, if they would get goods from

a peddler in the town, he would buy those goods of them. They thereupon stole some goods of this peddler and brought them to the defendant, who paid them a small sum therefor. Thereafter the accomplice was charged with having stolen the goods and promised to return them, saying that they were stowed away in some woods near by. He went out of the justice's office and was seen to go at once into the front door of the defendant's store and thereafter to come from a street which connected with an alleyway which went to the back of defendant's store. There is evidence of one witness from which it is claimed that he came from this alleyway thereafter. On the record, however, it is not clear as to what the witness intended to swear upon this subject. There were sheds in the back of the lot upon which was defendant's store, access to which was had by this alleyway. There is no evidence that any one saw the accomplice speak to the defendant as he passed through the store, and no corroborating evidence that the defendant ever had possession of these goods. For all that appears, they might have been stored in those sheds back of the store without defendant's knowledge. Walton was a witness upon the stand, and upon cross-examination he was asked whether he had not stated that he did not want to confess because it would involve some one whom no one had suspected. He denied having made that statement, and another witness was brought upon the stand who swore that that statement was made by him. That was proper evidence to discredit Walton. It was no legitimate evidence, however, as against Willard. It had no legitimate bearing to prove that the defendant was involved in the crime. Still such evidence might have great weight with a jury in inducing the belief that Willard was a party to the crime. But the question is not one of weight of evidence so much as of entire absence of such evidence corroborating the testimony of the accomplice as the law requires in order to sustain a conviction. The judgment of conviction, therefore, must be reversed, and a new trial granted in County Court of Fulton county, to which the case is remitted.

Judgment of conviction reversed, and new trial granted in the County Court of Fulton county, to which court the case is remitted. All concur.