(84 Misc. Rep. 356)

### PEOPLE v. ANSTETH et al.

(Supreme Court, Special Term, Erie County. February 14, 1914.)

1. INDICTMENT AND INFORMATION (§ 144*)—DISMISSAL—SUFFICIENCY OF EVIDENCE.

Under Code Crim. Proc. § 258, providing that the grand jury ought to find an indictment when in their judgment all the evidence, if unexplained or uncontradicted, would warrant a conviction, and section 389, providing that the defendant shall be presumed to be innocent until the contrary is proved, unless the evidence before the grand jury is sufficient to satisfy it beyond a reasonable doubt that defendants, accused of knowingly re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceiving stolen goods, received the goods knowing that they had been stolen, the indictment may be dismissed.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 488; Dec. Dig. § 144.*]

2. INDICTMENT AND INFORMATION (§ 144*)—DISMISSAL—SUFFICIENCY OF EVIDENCE.

Under Code Crim. Proc. § 399, a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the crime; and, where the only evidence before the grand jury tending to show a defendant's knowledge that goods received by him were stolen was that of an accomplice, the indictment will be dismissed.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 488; Dec. Dig. § 144.*]

3. INDICTMENT AND INFORMATION (§ 144*)—DISMISSAL—SUFFICIENCY OF EVIDENCE.

The evidence of an accomplice and the corroborative evidence *held* sufficient to support an indictment for criminally receiving stolen goods, so as to prevent a dismissal of the indictment for insufficiency of the evidence before the grand jury.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 488; Dec. Dig. § 144.*]

J. Roland Ansteth and John S. Germain were indicted for receiving stolen goods. Motion to dismiss indictment for insufficiency of the evidence before the grand jury. Motion denied as to defendant Ansteth and sustained as to defendant Germain.

C. B. Moulthrop, of Buffalo, for the motion.
George W. Woltz, Asst. Dist. Atty., of Buffalo, opposed.

POUND, J. [1] The evidence before the grand jury, unexplained and uncontradicted, must be sufficient to satisfy the grand jury beyond a reasonable doubt that defendants received the goods *knowing that they had been stolen*; otherwise the indictment may be dismissed. Code Crim. Pro. §§ 258, 389. Absolute knowledge need not be proved, and the knowledge may be inferred from the circumstances surrounding the recovery. People v. Schooley, 149 N. Y. 99, 43 N. E. 536.

[2] A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence *as tends to connect* the defendant with the commission of the crime. Code Crim. Pro. § 399.

[3] No direct evidence of guilty knowledge on the part of defendant Ansteth appears from the minutes of the grand jury. O'Shea, the thief or the thief's accomplice, who sold the diamond to Ansteth, and so was, as to him, an accomplice, merely testifies to circumstances from which guilty knowledge may be inferred: Ansteth's refusal to talk to O'Shea except through the alleged go-between Germain, the man with "an upper lip"; his purchase of the ring for less than its value without inquiry as to how O'Shea came by it; his statement that the diamond must be reset "because it was a long stone, and could be easily recognized." But this is enough to warrant a conviction if there is corroborative evidence, not necessarily showing the commission of the crime, or even connecting defendant with it, which *tends* to connect the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant with the commission of the crime, i. e., tends to show guilty knowledge on the part of Ansteth. People v. Mayhew, 150 N. Y. 346, 44 N. E. 971.

Such evidence in corroboration before the grand jury need not be very strong or satisfactory, if in the judgment of the grand jury it is sufficient to warrant an indictment. People v. Josephs, 143 App. Div. 534, 536, 128 N. Y. Supp. 257.

Testimony tending to connect the defendant Ansteth with the crime of receiving the goods knowing them to be stolen, and thus corroborating O'Shea, is given by George W. Pound, who says that Police Captain O'Brien said to Ansteth in his presence, "Didn't you know better than to buy a valuable diamond pendant from two little crooks off the street?" to which Ansteth said, "I thought it was suspicious, but I thought that I had a right to buy jewelry *from anybody* that brings it to me." Thus it appears that Ansteth admitted that he was buying a valuable diamond pendant under suspicious circumstances, and without inquiry, from two little crooks off the street, disreputable characters. If a man buys property from a known thief for a quarter of its value, he may be charged with guilty knowledge, not of the particular theft, but of the stolen character of the property, especially when he makes no inquiry as to how the thief obtained the property, because any man of ordinary caution would, under such circumstances, probably be satisfied that the property was stolen. Willful ignorance may be the equivalent of guilty knowledge.

Defendant Germain is not shown to have had possession of the property, nor to have aided in its disposition, except by the evidence of O'Shea. Nothing else "tends to connect" him with the crime. As to him the indictment is dismissed, but as to defendant Ansteth the motion is denied.