THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* KANUTE ARVID ENLIND, Appellant.

First Department, October 30, 1925.

**Crimes — trial — instructions — criminally receiving stolen property — error to charge that thief was not accomplice whose testimony must be corroborated.**

On a prosecution for criminally receiving stolen property, it was reversible error for the court to charge that the thief, from whom the defendant received the property, was not an accomplice within the rule requiring that the testimony of an accomplice must be corroborated.

APPEAL by the defendant, Kanute Arvid Enlind, from a judgment of the Court of General Sessions of the Peace in and for the County of New York, rendered on the 29th day of November, 1922, convicting him of the crime of criminally receiving stolen property, and also from an order entered in the office of the clerk of the said court on the 8th day of December, 1922, denying defendant's motion for a new trial made upon the ground of newly-discovered evidence.

*Clark L. Jordan,* for the appellant.

*Joab H. Banton, District Attorney [Edwin B. McGuire, Deputy Assistant District Attorney,* of counsel], for the respondent.

DOWLING, J.:

In my opinion the verdict of the jury convicting the appellant of the crime of criminally receiving stolen property in the first degree was properly found, after a fair trial and was sustained by the proof. The order denying a new trial was likewise properly denied.

But prejudicial error was committed in a refusal to charge as requested by defendant's counsel, which requires the reversal of the judgment. He made the following request, among others, at the close of the very full, impartial and instructive charge of the learned trial court: " Mr. Levy: I ask your Honor to charge the jury that in a criminally receiving stolen goods case the thief is the accomplice of the receiver and is required by law to be corroborated. The Court: I refuse so to charge. I have already charged the jury that while he is not a technical accomplice, his evidence should be carefully scrutinized and weighed and that the jury should require some corroborating circumstances, either the surrounding circumstances or the direct testimony. Mr. Levy: May I have an exception? "

The learned trial court, with his customary fairness and care in his charges to juries, had already said to the jury in the present case in his main charge, speaking of the self-confessed thief Lindsay, with whom defendant had his dealings: " Therefore, you should give his testimony just as fair a scrutiny as you give the testimony of the defendant, but keep in mind that he has admitted his moral guilt and legal guilt in those transactions. He is not technically an accomplice of this defendant. The law\* requires that an accomplice must be corroborated. Technically he is not an accomplice because the receiver is guilty of one offense and the thief of another, but, as a practical matter I take it that no jury would or should convict lightly on the evidence of a man who has admitted his guilt in the transaction, but should carefully weigh his testimony and require it to be supported in some measure at least by other testimony or by the surrounding facts and circumstances of the case."

This case was tried in November, 1922. At that time the rule as applied in this Department was in harmony with the law as enunciated by the trial court in its charge. (See opinion of Mr. Justice SMITH and concurring memorandum of Mr. Justice PAGE, in *People* v. *Kupperschmidt*, 197 App. Div. 675, decided July 8, 1921.) But in that case, the law was thus laid down in February, 1924 (*People* v. *Kupperschmidt*, 237 N. Y. 463) that a charge by the trial court that corroboration of the thief was not required in order to convict one of criminally receiving stolen goods, because the crimes were different, was error. The court said (at p. 465): " But under the Penal Law, section 2, one who aids or abets another in the commission of a crime is a principal, whether he has been previously guilty of an independent crime or not. The receiver cannot take with guilty knowledge unless aided therein by the act

---

\* See Code Crim. Proc. § 399.— [REP.

of the thief in delivering." And again: " Is the act of the thief in delivering the stolen goods to the receiver under such circumstances as convey the knowledge that they were stolen, an innocent act? " It is said that one cannot receive goods which he has himself stolen. Literally, but not in a legal sense, this may be true, but he is none the less " concerned in the commission of [the] crime " of receiving and, therefore, a principal. (Penal Law, § 2.)

Despite the persuasive force of the testimony as to the defendant's guilt, this error in the charge was vital and too prejudicial to permit the affirmance of the judgment of conviction.

The order denying a new trial on the ground of newly-discovered evidence should be affirmed. The judgment of conviction should be reversed, for the error assigned in the charge; and as the statement is made and not disputed that defendant has served his sentence in the penitentiary, a new trial is not necessary, but he may be ordered discharged from custody.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order denying new trial on the ground of newly-discovered evidence affirmed. Judgment reversed and defendant ordered discharged from custody. Settle order on notice.