Liston F. Coon, J.
Respondent has been petitioned into Family Court alleged to be a juvenile delinquent in that he committed certain acts which if committed by an adult would constitute the crime of malicious mischief.
At the end of the fact-finding hearing, respondent, represented by a Law Guardian, moved to dismiss the petition on the grounds that a confession of the respondent, testified to by the petitioner, a State Trooper, was uncorroborated as required by subdivision (b) of section 744 of the Family Court Act. Decision was reserved on the motion and the case as a whole.
The testimony at the fact-finding hearing developed that the complaining witness owned a gravel bank. At the site stood a construction shed and certain equipment including a truck. An incident took place at the remote site whereby the window of the shed was broken as well as the headlights on the truck. In the course of an investigation petitioner questioned the respondent in the presence of his mother. The respondent confessed that he was at the gravel bank in question, that he threw a rock through the shed window and that he broke the headlights on the truck. Parenthetically, it is to be pointed out that it is not claimed that the confession was the result of any coercion *376 on the part of petitioner, (cf. Matter of Gregory W., 19 N Y 2d 55.)
Subdivision (b) of section 744 of the Family Court Act provides as follows: 1 ‘ Any determination at the conclusion of a fact-finding hearing that a respondent did an act or acts must be based on a preponderance of the evidence. For this purpose, an uncorroborated confession made out of court by a respondent is not sufficient.”
The Law Guardian advances the theory that there is a contrast between this section and section 395 of the Code of Criminal Procedure which provides that in a criminal trial, “ A confession of a defendant * * * is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.”
He contends that the Family Court Act by its wording requires something more than would be required in a criminal case. His position is that under the statute here applicable the acts constituting the crime must be proved independently of the confession.
Counsel is reading something into the statute which is not there. It is wholly inconsistent that the Legislature would in one breath provide that juvenile delinquency may be proved by a preponderance of the evidence, as opposed to the greater quantum of proof required in a criminal case, and in the next breath establish a rule of corroboration higher in degree than the criminal law requires. The similar application of the two sections has already been alluded to in a proceeding under the Family Court Act. (Matter of Ronny, 40 Misc 2d 194,199.)
The theory behind requiring corroboration of confessions is to avoid the danger that one may confess to a crime when in fact no crime has been committed. (People v. Lytton, 257 N. Y. 310.)
A confession is only insufficient when there is lacking the additional proof that the act alleged has been committed. Corroboration of the confession itself is not required. (People v. Di Gregario, 205 App. Div. 629.) It is sufficient if the corroborative evidence fairly tends to connect the defendant with the commission of the crime. (People v. Elliott, 106 N. Y. 288.)
Where there is, in addition to the confession, proof of circumstance which, although they may have an innocent construction, are nevertheless calculated to suggest the commission of a crime, and for the explanation of which the confession furnishes the key, the case may not be dismissed on the grounds that the statute was not complied with. (People v. Jaehne, 103 N. Y. 182.)
*377 The court finds that the requirements of subdivision (b) of section 744 of the Family Court Act, respecting corroboration, are no greater than those required by section 395 of the Code of Criminal Procedure. The motion to dismiss is denied.
On the merits, the court finds that the petition has been established by a preponderance of the competent, material and relevant evidence. It is further found that respondent’s acts, if committed by an adult, would constitute the crime of malicious mischief. He is adjudicated a juvenile delinquent. The Probation Department is directed to make a predispositional hearing investigation.