Ralph E. Goby, J.
The petition alleges upon information and belief that on or about August 16, 1972 at a vacant lot about 1,000 feet east of premises 88 Holland Avenue, Staten Island, H. Y., the respondent did willfully violate a law of the State of Hew York in that, while acting in concert with two other juveniles now before this court, did assault one Al O., 15, with a tire iron, a screw driver and a wrench, causing him injuries resulting in his death and that this respondent was charged with murder (Penal Law, § 125.00) and possession of a dangerous weapon (Penal Law, § 265.05) because the foregoing acts of said respondent, if done by an adult, would constitute these crimes.
This respondent was arrested after the body of the deceased was found in the premises described above ¡by the petitioner and other police in the investigation of the crime. His corespondents, Joseph P.* and Lawrene R.,* signed written eon *109 fessions for the police. Both corespondents in their statements implicated the respondent. The respondent did not sign any statement during police interrogation of him.
The attorneys for the corespondents who signed confessions brought in motions to suppress, and both motions to suppress were denied, after separate Huntley hearings were held in each case, and their written statements ordered admitted into evidence.
Both corespondents then through their attorneys withdrew their pleas of not- guilty previously interposed and admitted to the crime of assault in the first degree (Penal Law, § 120.10). A- finding was made accordingly and both corespondents are awaiting dispositional hearing for sentencing.
At the fact-finding hearing of the respondent, the corespondent Lawrence R. testified for the People, implicating the respondent in the crime as set forth in his written confession. The corespondent Lawrence R. testified substantially that he and the other corespondent Joseph P. and the respondent met the deceased around 10:00 p.m. on August 18,1972 and the deceased demanded money of them. They stated they had none but said they could get some tools and remove wheels from cars and otherwise strip them. 'Substantially, all the respondents obtained tools:, Julius :S., a screw driver, Lawrence R., a tire iron, and Joseph P., a monkey wrench. They could not find any cars to strip. An argument ensued with the deceased. The respondent Julius 8. knocked the deceased down and kicked him in the face and respondent Lawrence R. hit him with the tire iron, Julius S. hit him several times with the screw driver and Joseph P. with the monkey wrench.
The deceased took a frightful beating, bled and became unconscious. All three respondents dragged him into an empty lot so he would not get hit by a car, and then went home.
The attorney for the respondent in the instant petition contends that the only evidence introduced in the hearing connecting the respondent with the crime was the uncorroborated statements and uncorroborated testimony of one corespondent, completely unsupported by other independent evidence or proof.
The attorney for the respondent contends this is in violation óf his client’s constitutional rights and due process. The attorney for the respondent relied heavily on Matter of Arthur M. (34 A D 2d 761) requiring that the absence of corroborative evidence requires the dismissal of the petition, particularly in view of higher standard of evidence required by Matter of Winship (397 U. S. 358).
*110 The important issues are whether under the facts and circumstances of this case there was:
(1) Additional evidence of commission of the crime to meet the requirements of CPL 60.45, 60.50, proof outside of the confession (predecessor statute, Code Grim. Pro. § 395).
(2) Whether in this juvenile delinquency fact-finding hearing there is sufficient proof that the testimony of an accomplice (corespondent Lawrence It.) is supported by independent proof linking the respondent to the crime, without deprivation of fair treatment and equal protection of the law (CPL 60.22) (predecessor statute Code Grim. Pro., § 399).
(3) Was there a violation of subdivision (b) of section 744 of the Family Court Act, namely, that an uncorroborated confession made out of court by a respondent is not sufficient and not admissible because it is not based on proof beyond a reasonable doubt?
(4) Were there any violations generally of respondent’s constitutional rights, due process and fair treatment delineated in Gault and Winship? (Matter of Gault, 387 U. S. 1; Matter of Winship, supra.)
Both sections 395 and 399 of the Code of Criminal Procedure (predecessor statutes) applied to the Family Court. By analogy so does the CPL 60.45, 60.50 and 60.22 which incorporate substantially the provisions of sections 395 and 399 of the Code of Criminal Procedure. (Matter of Arthur M., supra; Matter of Lang, 60 Misc 2d 155 [Family Ct., Ulster County, 1969].)
Additional evidence of commission of a crime which must be produced to warrant a delinquency finding against a 15-year-old boy based in part on confessions of corespondents and the testimony of one of them, need not apply to every element of the crime charged nor need the confession itself be corroborated.
Where a prima facie case is satisfactorily proven in a juvenile delinquency proceeding, the respondent has the burden of going forward .with defense evidence and if he does not go forward successfully, the prima facie finding already made against him can stand with finality. (Matter of Ronny, 40 Misc 2d 194 [Family Ct., Queens County, 1963].)
Where there is, in addition to a confession, proof of circumstances which although it may have innocent construction is nevertheless calculated to suggest the commission of a crime for the explanation of which the confession furnishes the key, the juvenile delinquency case may not be dismissed on the ground that subdivision (b) of1 section 744 of the Family Court Act *111 was not complied with. (Matter of Houseworth, 53 Misc 2d 375 [Family Ct., Schuyler County, 1967].)
Subdivision (b) of section 744 of the Family Court Act, stating an uncorroborated confession made out of court by a respondent is insufficient to establish respondent did the acts, does not apply where a prima facie case was satisfactorily proven in a delinquency proceeding by competent, relevant and material evidence including strong circumstantial evidence which is not illegal or on the basis of “ totality of circumstances ” and the strong links forged in the chain of evidence against the respondent. (Matter of Joseph S., 62 Misc 2d 329 [Family Ct., N. Y. County, 1969].)
All such evidence meets the required quantum of proof (beyond a reasonable doubt).
/Subdivision (ib) of section 744 of the Family Court Act does not require a rule of corroboration higher than CPL 60.45 and 60.50, which require proof outside of confession of corpus delicti (body of crime in murder or manslaughter) divided into two parts: (1) death of person; (2) death produced by criminal agency (People v. Cuozzo, 292 N. Y. 85).
It is not necessary that the corroborating evidence in itself be so conclusive as to convict the defendant independently of the confession. The corroboration is sufficient if it reasonably tends to prove the crime. The independent testimony joined to the confession must provide sufficient corroboration to establish guilt beyond a reasonable doubt. (People v. Deacons, 109 N. Y. 374; People v. Cuozzo, supra; People v. Jaehne, 103 N. Y. 182.)
Confession to juvenile delinquency is only insufficient where there is lacking additional proof that the act alleged has been committed, and corroboration itself of confession is not required. Additional evidence need not in itself amount to direct proof of respondent’s murderous act, and the confessions themselves may be used as key or clue to explanation of circumstances which, if when so explained, establish criminal act.
The unmistakable marks of murder on the body of a person alleged to have been murdered are sufficient additional evidence or proof to meet requirements of CPL 60.45 and 60.50. (People v. Deacons, supra; People v. Dudley, 29 A D 2d 232.)
■Similarly, CPL 60.22 requires corroboration of accomplice testimony by independent proof linking accused to crime. (Matter of Arthur M., 34 A D 2d 761, supra; Matter of Lang, 60 Misc 2d 155, supra.)
*112 The statute (CPL 60.22) does not require whole case be proven outside the testimony of the accomplice, but simply requires evidence from some material fact tending to show not only that crime was committed but that defendant was implicated in it. (People v. Cohen, 223 N. Y. 406.)
The tendency to connect defendant with crime is important — it is not necessary that corroborating evidence should of itself be sufficient to show commission of crime' or to connect defendant with it, but it is sufficient if it tends to connect defendant with commission of crime. (People v. Mayhew, 150 N. Y. 346; People v. Elliott, 106 N. Y. 288.)
Accomplice testimony need be corroborated only by other evidence tending to connect defendant with the crime and there need not be other independent proof of commission of crime. (People v. Black, 18 A D 2d 719.)
Corroboration may be furnished by proof of surrounding circumstances (circumstantial evidence) and conditions which harmonize and support in essential particulars direct testimony showing connection between the narrative told and the opportunities and permits inferences as to liability. (People ex rel. Doherty v. Board of Police Comrs., 84 Hun 64.)
Corroborative evidence need not lead exclusively to defendant’s guilt. Matters which in and of themselves seem indifferent may be so consistent with accomplice testimony as to have tendency to supply required connection between crime charged and defendant. (People v. Brown, 30 A D 2d 279.)
Direct or circumstantial evidence is sufficient to support testimony of accomplice. (People v. Mullens, 292 N. Y. 408.)
Evidence or testimony of accomplice must connect defendant with crime itself, not merely-with person who committed it. (People v. Willard, 159 App. Div. 19.)
Proof of whole crime need not be corroborated. (People v. Swersky, 216 N. Y. 471), and every part of testimony of accomplice need not be corroborated. (People v. Hooghkerk, 96 N. Y. 149.)
Corroborative evidence need not be wholly inconsistent with theory of defendant’s innocence. (People v. Elliott, 106 N. Y. 288, supra.)
Accordingly, applying the case law as hereinabove set forth and the statutes (Family Ot. Act § 744, subd. [b]; CPL 60.45, 60.50 and 60.22), there is no doubt that the independent proof,. apart from the confessions of the corespondents and the testimony of one accomplice, is present under the facts and circum *113 stances of this case as to support a finding against the respondent.
The reasons are as follows:
The original autopsy report, admitted into evidence with no objections by attorney for respondent, definitely established the death of the deceased and that death was produced by a criminal agency, namely ‘ ‘ multiple stab wounds and lacerations of head, trunk, extremities, lungs, heart and liver. Internal hemorrhages. Fractures of facial bones and larynx. Homicidal.”
The assistant medical examiner, who also testified to support his findings, was subjected to cross-examination and his testimony was not effectively rebutted. He testified that death was caused by blunt instruments and could have been caused by a screw driver. Accordingly, the unmistakable marks of violence oh the holy of the deceased as testified to by the medical examiner and according to the autopsy report are sufficient additional evidence to meet the requirements of CPL 60.45 and 60.50 (People v. Deacons, supra; People v. Dudley, supra).
The corroboration here is sufficient, since it reasonably tends to prove the crime. The independent testimony of the medical examiner, based on his autopsy report, joined to the confessions, provides sufficient corroboration to establish guilt of respondent beyond a reasonable doubt. (People v. Deacons, supra; People v. Jaehne, supra; Matter of Winship, supra; Family Ct. Act, § 744, subd. [b].)1
Here death of deceased iwas established, and proof was not lacking that said death was produced by criminal agency. (People v. Cuozzo, 292 N. Y. 85, supra.)
Similarly and for the same reasoning, CPL 60.22 is satisfied under the facts and circumstances óf this case. There is corroboration of the accomplice testimony (testimony of Lawrence B.) which is the independent proof linking respondent to the crime. The testimony of the medical examiner based on his complete autopsy report showed not only death of deceased but death due to a criminal agency. This is a material fact showing that the crime was committed. iSueh corroborating evidence is sufficient if it tends to connect respondent to crime and its commission. It is not necessary that the corroborative evidence of itself should be sufficient to show the commission of the crime or to connect respondent with it. (People v. Mayhew, 150 N. Y. 346, supra; People v. Elliott, 106 N. Y. 288, supra.)
Corroboration under the statute (CPL 60:22) may be furnished by proof of surrounding circumstances (circumstantial evidence) and conditions which harmonize and support in essential *114 particulars the direct testimony of corespondent Lawrence B. showing connection between the narrative told and the opportunities and permits inference as to liability. All these elements are present in the instant case. The corroborative evidence need not lead exclusively to respondent’s guilt. Matters which in and of themselves seem indifferent may be so consistent with accomplice testimony as to have tendency to supply the required connection between the crime charged and respondent. (People v. Brown, 30 A D 2d 279, supra.)
Such connections have amply been shown, considering the important factors set forth above in case law that the independent corroboration need not be of great probative force, proof of the whole crime need not be corroborated, every part of the testimony of accomplice need not be corroborated, and corroborative evidence need not be wholly inconsistent with claims of respondent’s innocence. (People v. Swersky, 216 N. Y. 471, supra; People v. Hooghkerk, 96 N. Y. 149, supra; People v. Elliott, supra.)
The facts and circumstances of this case come squarely under the law laid down in Matter of Houseworth (53 Misc 2d 375, supra). There is, in addition to the confessions here, proof of circumstances which although it may have innocent construction is nevertheless calculated to suggest the commission of a crime for the explanation of which the confessions and accomplice testimony (emphasis mine) furnish the key. Accordingly, this juvenile delinquency petition may not be dismissed on the ground that subdivision (b) of section 744 of the Family Court Act states that an uncorroborated confession made out of court by a respondent is insufficient. Subdivision (b) of section 744 does not require a .rule of corroboration higher than CPL 60.45, 60.50, all of which has been amply proven in the instant case — corpus.delicti — death of person established and that death was produced by a criminal agency.
Where a prima facie case is satisfactorily proven in a juvenile delinquency proceeding, the respondent has the burden of going forward with defense evidence and if he does not go forward successfully, the prima facie finding already made against him can stand with finality. (Matter of Ronny, 40 Misc 2d 194, supra.)
Under the facts and circumstances of this case, a prima facie case had been established by competent material and relevant evidence required under the statutes (CPL 60.45, 60.50, 60.22) — the admissibility of confessions of corespondents after full Huntley hearing, accomplice testimony supported by independ *115 ent proof tending to link respondent, apart from the confessions, with the crime, and circumstantial evidence based on totality of circumstances and strong links forged in the chain of evidence against the respondent. iSuch evidence meets the required quantum of proof (beyond a reasonable doubt). (Family Ct. Act, § 744, subd. [b]; Matter of Arthur M., 34 A D 2d 761, supra.)
As to other constitutional guarantees that could be invoked on behalf of respondent, there was no violation of Ms rights and due process. This was a joint trial of three corespondents. The confessions of two of them were admitted into evidence after full Huntley hearings. Both confessions implicated the respondent in the instant petition which was the only one that proceeded to a full trial, the other two corespondents having made an admission to assault in the first degree. One of the other corespondents testified for the People and implicated the respondent Julius S. This was not a case where infants were not charged and tried as coconspirators and the confessions of each binding on its author only. (Matter of Addison, 20 A D 2d 90.)
If a confession is admitted in a joint trial and it implicates a codefendant, and if the one so implicated does not have the opportunity to cross-examine the one who confessed, this is considered a violation of the Sixth Amendment right of confrontation which is binding on the States through the Fourteenth Amendment of the United States Constitution. It calls for a new trial and a severance. (Bruton v. United States 391 U. S. 123; People v. Jackson, 22 N Y 2d 446; Canudo, Criminal Law of New York, pp. 174-175.)
The rationale of the Bruton case does not apply to the instant hearing, because the respondent had ample opportunity through his counsel to cross-examine the corespondent who testified and implicated him. Accordingly, there was no .violation of respondent’s Sixth Amendment right of confrontation in this hearing.
Furthermore, the defense in the instant case, before trial, never sought to present an alibi defense that at the time of commission of crime charged, respondent was at some place or places other than at the scene of the crime and to call witnesses in support of such alibi defense.
The fact that respondent did not sign a statement or confession for the police while the other two corespondents did, is not, per se a defense. After tMs court denied the respondent’s attorney’s motion to dismiss the petition at the end of the People’s case on the grounds that a prima facie ease had not been made out, the burden of going forward rested with the respondent. *116 That 'burden was not met successfully. (Matter of Edwin R., 67 Misc 2d 452; Matter of Joseph S., 62 Misc 2d 329, supra; Matter of Ronny, 40 Misc 2d 194, supra.)
On the basis of all of the foregoing statute and case law, the evidence of the underlying acts upon which this court has made its adjudication of juvenile delinquency is substantial and significant. On the merits, this court finds that the petition has been established beyond a reasonable doubt by competent material and relevant evidence. (Family Ct. Act, § .744, subd. [a]; Matter of Winship, 397 U. S. 358, supra.)
It is further found that the respondent’s acts, if committed by an adult, would constitute the crimes omanslaughter in the first degree (Penal Law, § 125.20) and possession of a dangerous weapon (Penal Law, § 265.05). The charge of murder in the original petition is reduced to manslaughter, as the evidence will not support crime of murder.
The respondent Julius S, is adjudicated a juvenile delinquent and the Probation Department is directed immediately to make a predispositional hearing investigation.