PEOPLE v. GERST.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

LARCENY (§ 55*)—EVIDENCE—SUFFICIENCY—"PRINCIPAL."

Evidence *held* insufficient to sustain a conviction for larceny, under Pen. Code, § 29 (now Penal Law [Consol. Laws, c. 40] § 2), making a person who counsels or induces another to commit a crime a "principal."

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 164, 167; Dec. Dig. § 55.*

For other definitions, see Words and Phrases, vol. 6, pp. 5552–5557; vol. 8, p. 7763.]

Appeal from Court of General Sessions, New York County.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Samuel Gerst was convicted of grand larceny in the second degree, and appeals. Reversed, and new trial granted.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

James E. Brande, for appellant.

Robert C. Taylor, for the People.

SCOTT, J. The defendant appeals from a judgment of conviction of grand larceny in the second degree. He had been indicted for the crime of which he was convicted, and also for the crime of receiving stolen goods, knowing them to have been stolen. If his conviction had been for the latter crime, we should have found no difficulty in sustaining it upon the evidence in the record; but we can find nothing therein to justify the submission to the jury of the charge of larceny. The subject of the larceny was money and jewelry stolen by a prostitute, with whom the appellant appears to have maintained intimate relations.

It was not contended that the appellant had actually participated in taking the stolen goods; but it was sought to hold him under section 29 of the Penal Code (now section 2 of the Penal Law of 1909 [Consol. Laws, c. 40]), which makes a person who directly or indirectly counsels, commands, induces, or procures another to commit a crime a principal in the crime committed. The only evidence relied upon to charge the appellant under this section is that some hours before the larceny the appellant and the woman were seen together, and that after the larceny she gave the proceeds, or part of it, to him. This was insufficient, and did not justify the inference that appellant counseled, commanded, induced, or procured the woman to commit the theft set forth in the indictment. While there seems to be no doubt that the appellant became a partner in the fruits of the crime, there is no evidence that he was a participant in the larceny.

It follows that the judgment appealed from must be reversed, and a new trial granted. All concur.