### PEOPLE v. JOSEPHS.

(Supreme Court, Appellate Division, Second Department.   March 28, 1911.)

1. CRIMINAL LAW (§ 741*)—ACCOMPLICE EVIDENCE—CORPORATION—QUESTIONS FOR COURT AND JURY.

Whether there be any evidence to connect a defendant with the crime, where the main proof is that of an accomplice, is a question of law for the court, and its sufficiency one of fact for the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1720; Dec. Dig. § 741.*]

2. CRIMINAL LAW (§ 511*)—ACCOMPLICES— CORROBORATION — SUFFICIENCY OF EVIDENCE.

Under Code Cr. Proc. § 399, providing that a conviction cannot be had on the testimony of an accomplice, unless corroborated by evidence connecting defendant with the crime, evidence in a trial for larceny committed by one W., employed by prosecuting witness, that defendant had written a spurious letter of recommendation from a supposed former employer, whereby W. secured the employment with prosecuting witness, was insufficient to connect defendant with the larceny, which took place several months later; W. testifying that she did not enter the employment with any mutual purpose between her and defendant that the property should be stolen, though subsequently defendant induced her to steal it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1127–1137; Dec. Dig. § 511.*]

Appeal from Queens County Court.

Maurice Josephs, alias George Josephs, was convicted of grand larceny, and from the judgment, and from orders denying motions for a new trial, he appeals.   Reversed, and new trial ordered.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Abraham Levy, for appellant.
Fred G. De Witt, Dist. Atty., for the People.

CARR, J.   The defendant was indicted for grand larceny in the first degree, and convicted thereof in the County Court of Queens County.   From the judgment of conviction he appeals to this court.

The articles stolen consisted of jewelry of the value of $2,500.   It was the contention of the prosecution that, while the actual stealing was done by a woman named Weldon, the defendant aided and abetted in the theft, and counseled and induced the said Weldon to commit the crime.   The conviction was procured upon the evidence of Weldon, and the important question now involved is whether the testimony of Weldon, an accomplice, has been corroborated by independent proofs, as required by section 399 of the Code of Criminal Procedure, which provides as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime."

The jewelry which formed the subject of the larceny was owned by a Mrs. Oppenheimer, by whom the woman Weldon was employed as

a nursemaid. On the night of the larceny these articles were kept in a bureau drawer in Mrs. Oppenheimer's room. Weldon testified that the defendant, with whom she had maintained illicit relations, sent to her, on the day of the larceny, a registered letter inviting her to meet him at the railway station in Far Rockaway, which was near the residence of Mrs. Oppenheimer. In response to this letter, she met the defendant. He then by promise of marriage and by threats of violence tried to induce her, Weldon, to return to the house and steal the jewelry of her mistress. At first she refused, but finally she yielded to the combined persuasion and threats, returned to the house, stole the jewelry, delivered it to the defendant, and went away with him. She swore that the defendant pawned the jewelry, and subsequently anonymously returned the pawn tickets to Mr. Oppenheimer by express package.

As a part of her testimony, it appeared that when she applied for employment by Mrs. Oppenheimer she presented a letter of recommendation from a supposed former employer, which letter was spurious, as it was in fact written by the defendant for the purpose of securing her employment. Proofs were offered to show, independently of her testimony, that the letter of recommendation was in the handwriting of the defendant. These proofs were the only evidence received to corroborate the testimony of Weldon as to the defendant's participation in the larceny, and are the only evidence pointed out by the prosecution on this appeal as tending to corroborate Weldon's testimony against the defendant on this point. The rule of law applicable to this situation is that the question whether there be any evidence tending to connect a defendant with the commission of a crime, where the main proof is that of an accomplice, is a question of law for the court, and its sufficiency a question of fact for the jury. People v. Plath, 100 N. Y. 590, 3 N. E. 790, 53 Am. Rep. 236; People v. Mayhew, 150 N. Y. 346, 44 N. E. 971; People v. O'Farrell, 175 N. Y. 323, 67 N. E. 588; People v. Patrick, 182 N. Y. 131, 74 N. E. 843; People v. Kathan, 136 App. Div. 303, 120 N. Y. Supp. 1096; People v. Weiss, 129 App. Div. 671, 114 N. Y. Supp. 236.

Weldon went into the employment of Mrs. Oppenheimer in April, 1909, and then presented the spurious letter of recommendation written by the defendant. The theft occurred in June, 1909. It does not appear from Weldon's testimony that she went into Mrs. Oppenheimer's employment with any mutual purpose at that time between her and the defendant that a crime should be thereafter committed. According to her story, the first attempt of the defendant to induce her to commit a theft of Mrs. Oppenheimer's jewelry was shortly after she went into Mrs. Oppenheimer's service in April, 1909. This attempt, however, was not successful. Weldon testified that the next time the defendant urged her to steal the jewelry was on June 9, 1909, in New York City, where she met him on his request, and that he followed up this counseling and solicitation until the night of the larceny, the date of which does not appear specifically.

Unquestionably the independent proof as to the spurious letter of recommendation does connect the defendant with the actual thief; but that in itself is not enough to satisfy the statute. It is not with

the thief that the connection must be had, but with the commission of the crime itself. Nor would it be enough that the defendant was shown to have been a partner in the fruits of the crime, without independent evidence that he had counseled, induced, directed, or aided in the commission of the crime. People v. Gerst, 137 App. Div. 272, 121 N. Y. Supp. 934. The proof of the spurious letter in April, taken with the testimony of Weldon, does not show that it was made as a part of a plan or conspiracy to commit a theft at some later time. It is a very suspicious circumstance; but it does not tend in itself to connect the defendant with the commission of a crime which took place several months later.

For this reason the judgment of conviction, and orders, must be reversed, and a new trial ordered. All concur.