THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
J. ROLAND ANSTETH and JOHN S. GERMAIN, De-
fendants.

(Supreme Court, Erie Special Term, February, 1914.)

Indictment — receiving stolen goods — testimony of accomplice must be
corroborated — motion to dismiss indictment on evidence before
grand jury.

Where two are jointly indicted for receiving stolen property
knowing that it had been stolen, and one of the defendants is
not shown to have had possession of the property or to have
aided in its disposition, except by the uncorroborated testimony
of an accomplice before the grand jury, the indictment as to
that defendant will be dismissed.

Where the testimony of the accomplice, as to circumstances
from which guilty knowledge on the part of the other defendant
may be inferred, is corroborated by the testimony of another
who states that when said defendant was asked whether he did
not know better than to buy a valuable diamond pendant from
two little crooks off the street, he replied that though it was
suspicious he thought he had a right to buy jewelry from any
one who brought it to him, a motion to dismiss the indictment
will be denied.

MOTION to dismiss indictment for criminally receiv-
ing stolen goods for insufficiency of evidence before
the grand jury.

Charles B. Moulthrop, for motion.

George W. Woltz, assistant district attorney, op-
posed.

POUND, J. The evidence before the grand jury, un-
explained and uncontradicted, must be sufficient to
satisfy the grand jury beyond a reasonable doubt that

defendants received the goods *knowing that they had been stolen;* otherwise the indictment may be dismissed. Code Crim. Pro., §§ 258, 389.

Absolute knowledge need not be proved, and the knowledge may be inferred from the circumstances surrounding the recovery. *People* v. *Schooley,* 149 N. Y. 99.

A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence *as tends to connect* the defendant with the commission of the crime. Code Crim. Pro., § 399.

No direct evidence of guilty knowledge on the part of defendant Ansteth appears from the minutes of the grand jury. O'Shea, the thief or the thief's accomplice, who sold the diamond to Ansteth, and so was, as to him, an accomplice, merely testifies to circumstances from which guilty knowledge may be inferred: Ansteth's refusal to talk to O'Shea except through the alleged go-between Germain, the man with " an upper lip; " his purchase of the ring for less than its value without inquiry as to how O'Shea came by it; his statement that the diamond must be reset " because it was a long stone and could be easily recognized." But this is enough to warrant a conviction if there is corroborative evidence, not necessarily showing the commission of the crime or even connecting defendant with it, which *tends* to connect the defendant with the commission of the crime, *i. e.,* tends to show guilty knowledge on the part of Ansteth. *People* v. *Mayhew,* 150 N. Y. 346.

Such evidence in corroboration before the grand jury need not be very strong or satisfactory, if in the judgment of the grand jury it is sufficient to warrant an indictment. *People* v. *Josephs,* 143 App. Div. 534, 536.

Testimony tending to connect the defendant Ansteth

with the crime of receiving the goods knowing them to be stolen, and thus corroborating O'Shea, is given by George W. Pound who says that Police Captain O'Brien said to Ansteth in his presence: "Didn't you know better than to buy a valuable diamond pendant from two little crooks off the street?" to which Ansteth said: "I thought it was suspicious, but I thought that I had a right to buy jewelry *from anybody* that brings it to me." Thus it appears that Ansteth admitted that he was buying a valuable diamond pendant under suspicious circumstances and without inquiry from two little crooks off the street, disreputable characters. If a man buys property from a known thief for a quarter of its value, he may be charged with guilty knowledge, not of the particular theft, but of the stolen character of the property, especially when he makes no inquiry as to how the thief obtained the property, because any man of ordinary caution would, under such circumstances, probably be satisfied that the property was stolen. Wilful ignorance may be the equivalent of guilty knowledge.

Defendant Germain is not shown to have had possession of the property nor to have aided in its disposition, except by the evidence of O'Shea. Nothing else "tends to connect" him with the crime. As to him the indictment is dismissed, but as to defendant Ansteth the motion is denied.

Motion denied as to defendant Ansteth and sustained as to defendant Germain.