THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PHILIP STECKER, Defendant.*

Court of General Sessions, New York County, June 17, 1931.

*Thomas C. T. Crain, District Attorney,* for the plaintiff.

*Bisgaier & Lenefsky,* for the defendant.

FRESCHI, J. Defendant moves for an inspection of the grand jury minutes in this case.

A hearing on the written complaint of one Michael Belletti was conducted before a committing magistrate, and the defendant was held to await the action of the grand jury in default of bail.

The charge is grand larceny in stealing forty-eight packages of dresses worth five dollars and seventy-five cents each.

The May, 1931, grand jury dismissed the action on May 22, 1931. Thereafter the defendant sued out a writ of habeas corpus returnable in our State Supreme Court. Subsequently, on May 25, 1931, before the hearing on the writ, the grand jury found a bill of indictment on which the defendant is now held.

* See, also, 141 Misc. ——.

It appears from the moving papers on this motion that the complainant and his two witnesses failed positively to identify the defendant at the hearing before the magistrate, notwithstanding that the complainant in his affidavit charges the defendant with taking and carrying away said packages. There is a serious question of identity presented here; and I have grave doubts that sufficient credible evidence has been adduced to justify a finding of fact that defendant is the same person as the one who took the packages from the complainant's cart, dropped them and then ran away. No stolen property was actually found in defendant's possession at the time of his arrest.

No opposing affidavits have been submitted on this motion, and under all the circumstances and in the exercise of my discretion, I have concluded that justice demands that the defendant be accorded an inspection of the grand jury minutes to the end that a proper motion based on the testimony of the witnesses appearing before the grand jury might be made for a review of the sufficiency of the evidence on which the indictment was found, and to enable this court on such motion to determine whether the indictment should stand or fall. No invasion of the secrecy of the grand jury proceedings is involved.

The motion is hereby granted.