The People of the State of New York, Respondent, *v.* George C. Cannon, Appellant.

Fourth Department, June 29, 1932.

*Bond, Schoeneck & King [Edward Schoeneck* of counsel], for the appellant.

*Miller B. Moran,* for the respondent.

PER CURIAM. Defendant, president of the Lyons Falls National Bank, was indicted jointly with one Hughes, the cashier, for the crime of forgery in the third degree. (Penal Law, § 889.) Concededly Hughes, who kept the minutes of the annual meeting of stockholders, made a false and unauthorized entry in the minutes, by adding the words: " Salaries of each $2400," to an entry recording the re-election of defendant and Hughes to the offices of president and cashier respectively for another year. And concededly defendant, whose authorized salary was only $2,000 a year, drew the additional salary, in monthly installments, for a period of twenty-three months before discovery. And considering that defendant was in active control of the bank, and attended the bank meetings, both of stockholders and directors, it is a fair inference that he knew he was drawing a salary that was not authorized. Whatever other crime he may have been guilty of, the evidence does not support his conviction for forgery. The evidence relied upon is that given by Hughes who was indicted as an accomplice of defendant. Though it be conceded that defendant's taking of the unauthorized salary is sufficient corroboration of the evidence given by an accomplice to connect defendant with the commission of the crime (Code Crim. Proc. § 399), still, we find in the testimony of Hughes no evidence to support a finding that defendant aided or abetted Hughes in the crime charged, or counseled, commanded, induced or procured Hughes to commit the crime. (Penal Law, § 2.) Hughes stated that he had a conversation with defendant about a raise in salaries, but he could not recall and did not give a word of it, and when asked, " Did you have a talk with Mr. Cannon in relation to the entry on the minutes of the salary? " answered, " I don't recall that conversation." This question and answer then followed: " Q. I didn't ask you that. Did you have a talk with him in relation to it? A. I think we did."

He further qualified this testimony by saying he did not know whether or not he and defendant had a conversation on that subject, and added, " we must have talked it over."

This is not enough to prove that defendant participated in the commission of the forgery. Participation, afterwards, in the proceeds of the crime is not enough to charge him with that crime. (*People* v. *Swersky*, 216 N. Y. 471; *People* v. *Josephs*, 143 App. Div. 534; *People* v. *Gerst*, 137 id. 272.)

The judgment of conviction should be reversed and a new trial ordered.

All concur.

Judgment of conviction reversed and new trial granted; the said reversal is solely for errors of law and not for errors or questions of fact or as a matter of discretion, this court having reviewed all questions of fact and found no error therein.