THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH·A. BRODERICK, Defendant.

Court of General Sessions, New York County, February 21, 1933.

——————, for the plaintiff.

——————, for the defendant.

DONNELLAN, J.   The defendant Joseph A. Broderick, as State Superintendent of Banks, was indicted charged with the crime of willfully failing to perform a duty imposed upon him by law, in that he was charged with having willfully and unlawfully neglected to take possession of the business and property of the corporation called the Bank of United States, and that he willfully and knowingly permitted the said corporation to continue its business.

After a trial of this indictment, which lasted for a period of eight weeks, the jury returned a verdict of not guilty.   On the same date that the said indictment on which the said defendant was tried was returned, to wit, on the 19th day of October, 1931, and upon the same evidence submitted to the grand jury, three other indictments

were also returned, all based upon the transactions of the defendant in connection with the affairs of the Bank of United States.

In one of these indictments he is joined with several others and is charged with the crime of conspiracy. The other defendants mentioned in the said indictment were officers and directors of the Bank of United States. In substance the said indictment charges that the defendant Broderick and the other defendants unlawfully, corruptly and wickedly did combine, conspire, confederate and agree together to do an act for the perversion and obstruction of justice, in that on or about the 14th day of September, 1929, they, and each of them, unlawfully and corruptly did agree and conspire to violate section 132 of the Banking Law, that is to say, to cause the defendants Marcus and Singer not to submit to the board of directors of the said bank an official communication concerning the condition of the bank received from the defendant Broderick as State Superintendent of Banks, and that as part of the conspiracy the defendant Broderick was alleged to have caused certain parts of the reports made by his examiners to be detached from the reports submitted, and that some of the other defendants mentioned in the indictment are alleged to have misrepresented to the board of directors the contents of the reports submitted by the defendant, as Superintendent of Banks, and to have stated that the defendant, as Superintendent of Banks, had praised the condition of the Bank of United States instead of criticizing it, as set forth in the reports, and the defendants were alleged to have willfully concealed and suppressed from the board of directors of the Bank of United States the true contents of the said reports down to the 11th day of December, 1930, the date on which the said bank closed.

The section of the Banking Law on which the said indictment was based recites:

" § 132. Communications from banking department must be submitted to directors and noted in minutes. Each official communication directed by the superintendent of banks or one of his deputies to a bank or to any officer thereof, relating to an examination or investigation conducted by the banking department or containing suggestions or recommendations as to the conduct of the business of the bank, shall be submitted, by the officer receiving it, to the board of directors at the next meeting of such board, and duly noted in the minutes of the meetings of such board."

Another indictment charged this defendant with neglecting to perform a duty enjoined by law upon him as a public officer. It charged that the defendant, on or about the 19th of September, 1930, while Superintendent of Banks, was under a duty to simultaneously notify in writing every director that a communication had been sent relating to an examination or investigation of the

Bank of United States conducted by the Banking Department, and that on or about the said date the said defendant sent an official communication relating to an examination and containing suggestions and recommendations as to the conduct of the bank and delivered the same to certain officers of the bank; that it became his duty to simultaneously notify in writing every director of the bank that such communication had been sent, but that the said defendant from the 19th of September, 1930, until the 11th of December, 1930, continuously, willfully and unlawfully neglected and omitted to notify in writing every director of the Bank of United States that such communication had been sent.

The other indictment charged that the defendant willfully omitted to perform a duty enjoined upon him by law in that he, as Superintendent of Banks, was obliged to examine the Bank of United States at least twice each year, that is, at times approximately six months apart, and that having made an examination of the Bank of United States as of the close of business on July 13, 1929, he was obligated to make a second examination on or about the 14th day of January, 1930, but that nevertheless the defendant willfully and knowingly neglected and omitted to examine the Bank of United States until the 23d day of June, 1930.

A motion is now made on behalf of the defendant Broderick to dismiss these three indictments. It is urged in support of the said motion that the matters covered in the said indictments were covered by the indictment on which this defendant was tried, and in which he was charged with a willful failure to close the Bank of United States, and that the acquittal of the defendant renders him immune from prosecution on these three indictments.

Prior to the trial of the defendant a motion was made on his behalf for a bill of particulars, and the district attorney furnished a very full and complete bill reciting all the matters which he intended to prove with great detail. He set forth in the said bill a very full outline as to the proof he intended to submit to show that the defendant had willfully failed to close the bank by reason of a conspiracy entered into with the directors whereby he was alleged to have changed certain reports of his examiners after having submitted them to a selected few of the officials of the bank, and that in order to assist the directors in their willful mismanagement of the affairs of the bank and in the misapplication of its funds he had failed to notify all the directors that an examination had been made in which scathing criticism was made of the conduct of the officers of the bank, and that he had failed to examine the bank on or about January 14, 1930 — the previous examination having been made as of the close of business on July 13, 1929.

On the trial of the defendant there was evidence offered that certain parts of the original report, made as of the condition of the bank on July 13, 1929, had been withdrawn from the major report after it had been shown to a certain few of the officials of the bank, and that the defendant did not notify the directors that an examination had been made by his department, and there was also proof given that although the Bank of United States was examined as of July 13, 1929, the next examination was not made until the 23d day of June, 1930.

In other words, the district attorney submitted on the trial of Broderick all the evidence which he could submit on the trial of any of these several indictments. The same evidence had also been submitted in the prosecution of Marcus and Singer for a willful misapplication of the funds of the Bank of United States on the theory that they had been aided and assisted by reason of the neglect on the part of the defendant in the performance of his duty as State Superintendent of Banks. That trial lasted for a period of twelve weeks.

Being fully cognizant of all the evidence submitted in the Marcus and Singer prosecution so far as it affects this defendant, and also in the prosecution of this defendant, I do not feel that if these individual indictments were tried any different verdict could be achieved than that arrived at in the case tried, for these individual indictments now under consideration form only a part of all the alleged derelictions of duty charged against the defendant in his prosecution for failure to take possession of the bank.

The acquittal of the defendant would not be a bar to a prosecution of these indictments if the People were in a position to furnish evidence sufficient to submit to a jury. The general rule is that the two offenses must be in substance precisely the same, or of the same nature, or of the same species, so that the evidence which proves the one would prove the other. (*People* v. *Furlong*, 127 N. Y. Supp. 422.)

Having heard all the evidence which could possibly be submitted to substantiate the charges contained in these indictments on the prosecution of the defendant for neglect of duty, I feel, as matter of law, in view of the verdict of not guilty, that the said evidence would not be sufficient to warrant submission of the case for the consideration of a trial jury to show a willful neglect of duty on the part of this defendant, or that the defendant was guilty of a conspiracy. As matter of law it would be necessary to direct an acquittal. (*People* v. *Josephs*, 143 App. Div. 534.)

As a general rule the court should direct a verdict of acquittal when there is no competent evidence reasonably tending to sustain

the charge (*People* v. *Bennett,* 49 N. Y. 137) or where the evidence is so slight and indeterminate that a verdict of guilty would be set aside. (*People* v. *Ledwon,* 153 N. Y. 10.)

If it is shown that there is " no evidence whatever, or that the evidence did not as matter of law come up to the standard which the law requires in quantity and quality to warrant a conviction, the denial * * * [to dismiss] is legal error." (*People* v. *Ledwon, supra.*)

All four of the indictments against the defendant Broderick, to wit, the one on which he was tried and the ones now under consideration, were returned as the result of evidence submitted at the one time before the grand jury. The same witnesses gave testimony which resulted in all of these indictments. The ones now under consideration are based only upon part of the charges for which the defendant was tried.

" The court may, * * * in furtherance of justice, order an action, after indictment, to be dismissed." (Code Crim. Proc. § 671.)

The interests of justice dictate that this defendant should not again be subjected to the expense, annoyance and humiliation of another trial on any of these three indictments which could not terminate in any result different from that already achieved.

The learned district attorney who prosecuted the defendant for neglect of duty marshaled the evidence with most remarkable astuteness, presented his case with wonderful ability, had a most extraordinary knowledge of all the affairs of the Bank of United States and the official acts of the defendant in connection therewith. The case against the defendant could not be presented in a more forcible manner and, therefore, in view of the verdict of not guilty it is highly improbable that a conviction could be obtained on the trial of any of the indictments now under consideration, for every possible item of testimony which could possibly influence the jury in favor of the People's contention was submitted to them on the trial of the defendant.

It being highly improbable, therefore, that any different result could be obtained by the trial of the indictments now under consideration, and for the reasons heretofore set forth, and being fully cognizant of the fact that the court's power to dismiss is discretionary and should only be seldom exercised, and then only for special reasons, I feel that in the furtherance of justice the motion to dismiss the indictments as to the defendant Broderick should be granted.

The motion to dismiss the indictments is granted as to the defendant Broderick.