THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HORACE C. SYLVESTER, the Younger, Defendant.

Court of General Sessions, New York County, October 6, 1933.

*Thomas C. T. Crain, District Attorney* [*William E. Maloney, Assistant District Attorney,* of counsel], for the plaintiff.

*Mark Eisner, James F. Donnelly* and *Siegfried F. Hartman,* for the defendant.

FRESCHI, J. The defendant moves upon the minutes of the grand jury, under the provisions of the Code of Criminal Procedure (see §§ 313, 671, and cases cited), for a dismissal of the indictment against him. The claim advanced by the defendant here is that there is an insufficiency of legal evidence to support this indictment, and that if this case were presented to a trial jury, the court would be compelled to direct an acquittal upon such evidence. Ordinarily, a court should not pass upon the sufficiency of disputed evidence on a motion to set aside an indictment; but it seems to me that this record presents a serious question of law as to whether the entry that constitutes the subject of this alleged forgery is *prima facie* false and fraudulent within the meaning of the forgery statute. (See Penal Law, § 889.) While I am not unmindful of the presumption in favor of the validity of the indictment, nevertheless, the testimony here shows that the withdrawal of the funds in question ($10,020) according to the entry of June 2, 1931, then in the National City Company, of which the defendant was a vice-president, was from the item of $15,000 (reserve for sundries) which belonged to that company as compensation for services rendered in connection with the floating of the bond issue of the Port of New York Authority.

The defendant's further contention that the withdrawal of its own money was " a mere transfer of funds from one account of the National City Company to another of its accounts," is based upon the fact that when the syndicate account was closed on April 22, 1931, there was in that account a total unexpended balance of $15,000 which was the property of the National City Company as compensation to that company as manager of the syndicate; and that when a check was made out to S. W. Baldwin, treasurer, for $10,020, the withdrawal and the entry thereof in the Port Authority account were necessarily correct and proper, since the funds at no time belonged to the Port Authority, but were the property of the National City Company, and hence the entry of $10,020 did in no way purport to be an expense and outlay for the account of the syndicate.

Counsel for the defendant also argue " that on April 22, 1931, the syndicate had been charged through this account and the National City Company had been credited with a receivable as against the syndicate of $15,000 to compensate the National City Company for its overhead as syndicate manager. Of course, that compensation belonged exclusively to the National City Company to withdraw and use all such payments and in such installments as it saw fit." I agree with this contention.

The crux of the crime here charged is an alleged false entry.

The defendant is not charged with larceny of the fund, nor is he charged with the criminal use of it. The charge converges simply and solely upon whether this particular entry complained of and standing by itself is false as to what it records. There was no possibility of any person being defrauded by the entry. I am satisfied from the testimony that the " reserve for sundries " of $15,000 represents an asset of the National City Company, and any withdrawal, therefore, had to be against that asset and could not possibly be a charge or expense against the syndicate. The People's witness Bridges, at page 18 of the grand jury minutes, states: " It is customary to place an amount in excess of actual expenditures which is to compensate the National City Company for its expenses as manager." He further states: " My understanding is that it must use its machinery to handle all the bonds, keep the accounts and pay all the bills, *advance* all the money, and the figuring up of all the profits and disbursements; and it represents a considerable amount of expenses that it incurs, and this is to compensate it for the service." He calls it in his testimony " overhead."

Where there is a serious question as to whether the evidence before the grand jury is insufficient, even though accepted as true, to warrant the finding of the indictment and putting the defendant to trial, the court may properly set aside the indictment and request the prosecuting attorney to present the matter to the appellate court in order to settle the law of the case on the conceded facts. I feel certain that if the learned district attorney is not in accord with this decision, he will cause a review to be had by an appellate tribunal.

Motion granted and the indictment herein is dismissed.