Norman F. Lent, J.
This is a motion to inspect the minutes of the Grand Jury. The indictment charges the defendant with the crime of grand larceny in the first degree.
The testimony before the Grand Jury showed that defendant was employed as a truck driver by a firm engaged in the installation of hardwood flooring which maintained a rail siding, offices, warehouse and yard near Union Avenue, Westbury. The only means of ingress and egress to the public highway was an open driveway leading from its yard to Union Avenue. There were *655 no locked gates between Union Avenue and the yard so that the yard was easily accessible to the public at any hour of the day and night.
Following an order received from a construction firm at Freeport, defendant and his helper, on Wednesday, May 11,1955, loaded an open truck with the flooring material mentioned in the indictment for delivery to Freeport. Such flooring was in bundles about two feet long, with approximately 10 pieces of wood in a bundle, and could easily be moved on or off the truck.
At the time of loading, defendant, in accordance with the firm’s practices, receipted for the lumber, thus acknowledging that he had it for delivery. Some circumstance not accounted for in the testimony, but over which the defendant apparently lacked control, occurred after he had thus receipted for the supplies, and it was agreed that delivery would be made by him, to the Freeport job on Thursday. Under the firm’s practices, had he become ill or otherwise engaged on Thursday so as to require delivery by another driver, the receipt would be “ modified ” or “ adjusted ” to show the name of the driver actually making the delivery.
After defendant and his driver loaded the truck, they left it in the unprotected yard and proceeded to their respective homes at the close of business on Wednesday in an automobile driven by defendant’s helper. The testimony shows that the truck was last seen in its fully loaded condition at about 9:00 p.m. on Wednesday evening by two of the firm’s corporate officers as they left the premises after having been engaged in a business conference.
The defendant and his helper returned to the premises in the helper’s private vehicle on Thursday morning, the day when by prior arrangement they were to effect delivery of the merchandise. The defendant’s helper testified that at such time the truck was still in the yard but that it had been unloaded and that the defendant later told him that he had made delivery on Wednesday evening and that should the helper be questioned, he should give assurance to his employers that he had assisted defendant in making the delivery and that by this explanation he would be entitled to extra pay.
When investigation later developed that the flooring had never been delivered to the Freeport job, the defendant told his employer conflicting stories, namely, that he had in fact delivered it and, conversely, that he had returned it to a bin in the firm’s warehouse to which the defendant had a key. Testimony _by a member of the Freeport construction firm negatives a delivery of the lumber at Freeport and testimony by a corporate officer of the firm which employed defendant, while something less than *656 precise, is sufficient to negative the fact that the lumber was returned to the bin.
While the circumstances presented are.highly suspicious and the defendant’s actions cannot be condoned, it is the opinion of this court that they fall short of the quantum of proof necessary to sustain an indictment charging a larceny. Proof of conscious, exclusive and personal possession is absent (People v. Woods, 290 N. Y. 912). The mere receipt on Wednesday of the merchandise for ultimate delivery the following day cannot be said to charge the defendant with recent and exclusive possession. The lumber was left in the yard with the defendant’s employer’s knowledge; it was seen by the employer some four hours after the defendant left the yard; it was unprotected and available to any thief. The defendant’s explanation likewise did not exclude to a moral certainty every other reasonable hypothesis except that of guilt (People v. Weiss, 290 N. Y. 160) for indeed there may have been an attempt to cover up a civil liability or dereliction of duty on his part.
Although the facts presented to the Grand Jury establish a strong suspicion implicating the defendant, one cannot be indicted on suspicion alone. Sufficient evidence connecting the defendant with the crime charged must be presented to warrant submission to a trial jury. In People v. Baldiseno (266 App. Div. 909) the indictment charging grand larceny was dismissed where it was shown that the defendant was ‘ ‘ with the boys who committed the larceny and that he ran away from the scene of the crime with them ’ ’ on the ground that these facts were insufficient “ to establish that he aided, abetted or otherwise participated in the crime or that he was their accomplice.” The facts in that case are more convincing than those presented here.
The indictment is dismissed (Code Crim. Pro., § 671). Submit order.