Thomas Dickehs, J.
This is a motion for a dismissal of the indictment. Prior thereto, a motion for the inspection of the Grand Jury minutes had been granted.
The charge in the indictment is grand larceny for stealing a quantity of merchandise valued at $120.
The People’s evidence, submitted to the Grand Jury, is, in substance, as follows: About 7:10 a.m. on February 19, 1957 defendant, employed as the elevator operator in the building involved in the alleged larceny, was seen in the company of one Lubin, a truckman’s helper, in the doorway of a cafeteria located in the premises adjoining this building. It seems evident that shortly before 8:00 a.m. defendant brought the elevator to the floor on which the alleged larceny was actually to take place later, looked around, and then drove the elevator down. This he did twice within two minutes. Thereafter, about 8:00 a.m., Lubin, employed by the truckman making deliveries for complainant, appeared on the scene. He entered complainant’s premises through the open door and then came out and proceeded to ring for the elevator. When the elevator operated by defendant arrived, Lubin, who had in the meantime taken a “bunch” of coats from complainant’s premises and waited at the elevator, was about to hand the coats to defendant when complainant’s manager, up to then in concealment *987 while watching, made his presence known, and thereupon took away the coats, detained Lubin, and directed defendant to go down.
Included in the People’s proof is a police officer’s testimony to the effect that defendant had told him that he was in the habit of taking coats from Lubin and placing them in the building for his other truckers to pick up and that he had never thought to question Lubin’s right to the coats inasmuch as he had known Lubin as a truckman’s helper.
Obviously, all this proof may warrant an interpretation of suspicion and conjecture. But suspicion and conjecture are not sufficient to make out a prima facie case. (People v. Srebnik, 140 Misc. 694; People v. Sowma, 252 App. Div. 413; People v. Williams, 182 Misc. 841; People v. Nicosia, 164 Misc. 152.)
Besides, when these elements of suspicion and conjecture are coupled with the fact that defendant was the regularly employed elevator operator apparently performing his duties in the regular course of the operation of the elevator and also with the fact that Lubin was an employee of the regular trucker for the complainant, the absence of proof of evil intent by defendant or of his knowledge of Lubin’s alleged criminal purpose does more than make innocence equally consistent with guilt, for it balances emphatically the circumstantial inferences on the side of defendant’s innocence, rather than on the side of his guilt. (People v. Sowma, supra; People v. Gresser, 124 N. Y. S. 581.)
It is convincingly clear from the proof in this case that there is neither direct proof of guilty knowledge on the part of defendant as to Lubin’s purpose to commit larceny (People v. Lahn, 258 App. Div. 225), nor direct proof of any intent on the part of defendant to participate in the commission of a larceny (People v. Zuker, 20 App. Div. 363, cited in People v. Lahn, supra; People v. Kellner, 52 N. Y. S. 2d 355). The association of defendant and Lubin in their respective employment capacities, without anything else, is inadequate as proof against defendant. (People v. Micosia, supra; People v. Gerst, 137 App. Div. 272; People v. Baldiseno, 266 App. Div. 909.)
The test to be applied upon a motion to dismiss an indictment for failure of proof before the grand jury is the same that governs upon a motion to dismiss the indictment at the close of the People’s case upon a trial. (People v. Martinez, 26 N. Y. S. 2d 537.) It follows therefrom that the rules of evidence as to overcoming the presumption of innocence and as to sustaining the burden of proof to make out a prima facie case, prevail in the grand jury room as elsewhere. (People v. Mangan, 140 Misc. 783; People v. Martinez, supra; People v. Nicosia, supra.)
*988 As a result of the foregoing review of the evidence and the law relevant thereto, it is this court’s considered judgment that a prima facie case of larceny has not been established. This failure of proof calls for a dismissal of the indictment.
Indictment dismissed.