Henry J. Latham, J.
Petitioner seeks an order prohibiting the District Attorney of Queens County ‘1 from presenting any alleged evidence to the Grand Jury against defendant Albert Brown, obtained in violation of the Constitution and Statutes of the State of New York and the United States Constitution
The District Attorney cross-moves for an order “ dismissing the petition herein on the ground that it affirmatively appears therefrom that said petition does not state facts sufficient to entitle the petitioner to the relief prayed for, nor any part thereof,” pursuant to the provisions of section 1293 of the Civil Practice Act.
The defendant Brown, on whose behalf the petition was made, following a hearing by a New York City Magistrate, was held for action of the Grand Jury which he now awaits. The petition seeks to restrain the District Attorney from presenting said evidence to the Grand Jury which it is claimed was obtained by an illegal search or seizure, in violation of the defendant’s constitutional rights.
The petitioner has mistaken his remedy. An order of prohibition is never issued as a matter of right but rather rests in the sound discretion of the court and may be utilized only in the most exceptional cases, as where the grievance complained of cannot be redressed by other reasonably available procedures. (Matter of Consolidated Edison Co. v. Murtagh, 201 Misc. 244, 252 [Supreme Ct., Bronx County, 1951], affd. 279 App. Div. 865 [1st Dept., 1952]; People ex rel. Livingston v. Wyatt, 186 N. Y. 383 [1906]; Matter of Brandenburg v. Court of General Sessions, 189 Misc. 4 [Supreme Ct., N. Y. County, 1947], affd. 272 App. Div. 1013 [1st Dept., 1947]; Matter of Barber v. Richardson, 176 Misc. 210 [Supreme Ct., Broome County, 1941].)
*94 There is a presumption that public officials and public bodies will do their duty. No one has a right to presume that the District Attorney will attempt to introduce evidence before a Grand Jury that has been obtained in violation of a defendant’s constitutional or other legal rights. Neither may it be presumed that the Grand Jury will violate the law charged to it to “ receive none but legal evidence ”. (Code Crim. Pro., § 249.) Yet the defendant by this application attempts to forestall and prevent a disposition by the Grand Jury, on the merits, of the charges leveled against him. He may not by prohibition obtain such relief.
If the District Attorney should in fact present and the Grand Jury should in fact receive evidence obtained from the defendant by an unreasonable search or seizure in violation of his constitutional rights, and the defendant should be indicted, he may obtain full and complete relief in the court to which the indictment is returned by a motion to suppress that evidence made in advance of trial. (People v. Du Bois, 31 Misc 2d 157; People v. Loria, 10 N Y 2d 368.)
The defendant’s application for an order of prohibition is in all respects denied and the cross motion of the District Attorney is granted and the petition dismissed.