THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOSEPH GENTILE, LOUIS FALCO (Also Known as PETER COMO), RUDOLPH DE LUCA, ANTHONY SASSO and SAVERIO SANTORA, Respondents.

First Department, March 10, 1964.

*Alan Frederick Leibowitz* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for appellant.

*Joseph Aronstein* for Gentile, Falco and De Luca, respondents.

*Peter J. Peluso* for Sasso and Santora, respondents.

STEVENS, J. There are two orders involved in this appeal. Each order dismissed an indictment as the result of a motion to inspect the Grand Jury minutes or alternatively to dismiss the indictment. One, entered September 17, 1962, involves defendants Gentile, Falco and De Luca. The other, entered October 15, 1962, applies to defendants Sasso and Santora. The indictments arose out of a single common incident, and because common questions are involved, they are treated together. The dispositive principle herein enunciated is applicable to both. For that reason we do not consider seriatim and at length the various grounds of appeal, and the arguments advanced in their support. However, omissions in the record militate against any absolute position by the respective parties in respect to certain points on appeal. An illustration of this is the notation on the indictments, under date of August 10, 1962, " Motion of 7/27/62 withdrawn ". Such notation is not initialed and all counsel were unable to enlighten the court as to whether the motion to withdraw had, in fact, been made and by whom it was granted.

The dismissal of the indictments as to defendants Gentile, Falco and De Luca was based, apparently, upon alleged deficiencies in the warrant and a reasoning therefrom to evidential deficiencies present in the case. It was not based upon the insufficiency of the evidence as revealed by examination of the minutes of the Grand Jury. This observation seems accurate as to Sasso and Santora also. The requisites for issuance of a search warrant are clearly set forth in the code as are the powers conferred thereby for its proper execution (Code Crim. Pro., § 791 *et seq.*). The code prescribes the necessary procedure if a warrant be controverted (*ibid.*, § 807 *et seq.*).

A motion to inspect the Grand Jury minutes or, alternatively, to dismiss the indictment, as occurred here, is not the appropriate vehicle to test the constitutionality of a search and seizure, or to determine if the Fourth Amendment to the Constitution of the United States has been violated (see Code Crim. Pro., §§ 813-c, 813-d, 813-e, 249; *People* v. *Atkins,* 221 N. Y. S. 2d 780; cf. Code Crim. Pro., §§ 313, 668–672; *People* v. *Gonzales,* 31 Misc 2d 486). A hearing should be held on the issues and the parties afforded the opportunity to support their respective contentions. The legality of the search and seizure as to law and fact should then be determined by the court. (*Steele* v. *United States,* 267 U. S. 505.)

Of course a court has the power and may " either of its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be

dismissed" (Code Crim. Pro., § 671). If the court concludes upon examination of the evidence before the Grand Jury, that such evidence is insufficient and the indictment should be dismissed, it may do so. (*People* v. *Sylvester,* 149 Misc. 138, affd. 241 App. Div. 861; *People* v. *Williams,* 182 Misc. 841; *People* v. *Sass,* 4 Misc 2d 654.) For section 313 of the Code of Criminal Procedure, while determinative on procedural matters, is not exclusive where constitutional rights are involved (*People* v. *Glen,* 173 N. Y. 395). Additionally, the court is empowered to dismiss for lack of prosecution (Code Crim. Pro., § 668).

" The grand jury can receive none but legal evidence " (Code Crim. Pro., § 249), but in order to return an indictment it is only requisite that the Grand Jury have before it sufficient evidence which, if unexplained and uncontradicted, would warrant a conviction (*ibid.,* § 251; *People* v. *Howell,* 3 A D 2d 153, affd. 3 N Y 2d 672). There is a presumption that the indictment is based on legal and sufficient evidence which continues until there is satisfactory proof to the contrary (*People* v. *Glen,* 173 N. Y. 395, *supra*; *People* v. *Howell, supra*) and this proof should be developed at a hearing. If it be considered for the purposes of discussion only, and we do not now so hold, that the warrant was either defective or improperly executed, or both (see Code Crim. Pro., § 791 *et seq.*), there is no conclusive presumption arising solely from that fact, that the only evidence before the Grand Jury was illegal evidence, or evidence insufficient to sustain the indictment.

The orders appealed from should be reversed on the law, the indictments reinstated, without prejudice, however, to a motion by defendants-appellants to move to suppress the evidence pursuant to section 813-c *et seq.* of the Code of Criminal Procedure. In the interest of orderly procedure the motions, if made, should be made prior to trial.

BOTEIN, P. J., BREITEL, RABIN and EAGER, JJ., concur.

Orders, entered on October 15, 1962 and September 17, 1962, unanimously reversed on the law and the indictments reinstated, without prejudice, however to a motion by defendants-respondents to move to suppress the evidence pursuant to section 813-c *et seq.* of the Code of Criminal Procedure. In the interest of orderly procedure the motions, if made, should be made prior to trial.