Thomas Dickens, J.
The Grand Jury minutes show that the defendant was questioned by the police without first having been warned: (a) that anything she might say may be used against her; (b) that she need not say anything but she may remain mute; (c) that she had a right to counsel; and (d) that if she could not afford counsel, she would be given one without charge.
*718 A lawyer is as important to a defendant at the time of arrest, if not more important, as a lawyer is at the time of arraignment.
In this case the evidence before the jury was illegal, because it was based on statements made by the defendant in answer to questions put to her by the police without first having advised her of her constitutional rights.
In Matter of Hochhauser v. O’Connor (33 Misc 2d 92, 94), the court subscribed to this theory: “If the District Attorney should in fact present and the Grand Jury should in fact receive evidence obtained from the defendant by an unreasonable search or seizure in violation of his constitutional rights, and the defendant should be indicted, he may obtain full and complete relief in the court to which the indictment is returned by a motion to suppress that evidence made in advance of trial.”
In People v. Du Bois (31 Misc 2d 157) appears the following: ‘ ‘ if the indictment in this case is bottomed upon the introduction of evidence obtained by an illegal search or seizure the Grand Jury has no right to consider it ”.
It is a principle in law that the evidence submitted to a Grand Jury must be legal evidence (People v. Sclafani, 8 Misc 2d 986). Based on the above reasoning, this motion is granted.