THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD LOHMAN, Respondent.

Third Department, July 24, 1975

*Sol Greenberg, District Attorney (Dennis M. Acton* of counsel), for appellant.

*Douglas P. Rutnik, Public Defender (Joseph C. Teresi* of counsel), for respondent.

KANE, J. By felony complaint filed with the Town Court, Town of Colonie, defendant stands accused of the crime of rape in the first degree. The paper now before us commands the Albany County District Attorney to conduct a hearing concerning that complaint on a specified date and forbids him, or his staff, from presenting the matter to an Albany County Grand Jury pending the outcome thereof. It is the result of defense counsel's application for such relief before Special Term upon an order to show cause and supporting affidavit made with notice to the District Attorney who appeared and argued in opposition on the return date. Since the underlying criminal action is not pending in Supreme Court and the requested relief is nowhere mentioned or authorized by any provision of the CPL, we regard this matter as an appeal from a judgment in a separate proceeding instituted in the Su-

preme Court pursuant to CPLR article 78 in the nature of mandamus and prohibition (CPLR 103, subd [c]; CPL 10.10, subd 7).

Defendant maintained that he had been incarcerated for eight days without proper arraignment or the aid of counsel until he was arraigned in the local criminal court on May 28, 1975. He claimed that counsel then requested a hearing on the felony complaint (CPL 180.10, subd 2), whereupon the prosecutor notified his attorney that the charged offense would be the subject of a prospective Grand Jury proceeding on the following day (CPL 180.10, subd 2). Accepting these allegations as true, any failure to accord defendant a prompt hearing, while it might secure his release from confinement (CPL 180.80), would certainly not affect the power of a Grand Jury to consider the evidence against him or the authority of the District Attorney to place such matters before that body (NY Const, art I, § 6; CPL 190.55; *People ex rel. Hirschberg v Close,* 1 NY2d 258). It is axiomatic that the discretionary remedies of mandamus and prohibition lie only where there is a clear legal right thereto *(Matter of State of New York v King,* 36 NY2d 59). Assuming that they may be applied in an appropriate criminal case (see, generally, *Matter of Simonson v Cahn,* 27 NY2d 1; *People ex rel. Livingston v Wyatt,* 186 NY 383; *Matter of Butts v Justices of Ct. of Special Sessions of Town of Greenburgh,* 37 AD2d 607; *Matter of Hochhauser v O'Connor,* 33 Misc 2d 92), it is abundantly clear that the supposed infringement of waivable statutory protections here alleged does not support any legal right to such collateral remedies and it was a gross abuse of Special Term's discretion to grant them. Although the relationships between a prosecutor, Grand Jury and a superior court are not easily defined with precision, we cannot tolerate what would effectively amount to premature judicial interference with the function of a Grand Jury and an unwarranted disruption of the course of preliminary proceedings in the local criminal courts.

The judgment should be reversed, on the law, and the petition dismissed, without costs.

GREENBLOTT, J. P., SWEENEY, MAIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law, and petition dismissed, without costs.